UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------x

EQUAL EMPLOYMENT OPPORTUNITY : Civil Action No.
COMMISSION, :
: 07-4157 (JLL)
       Plaintiff, :
v. :
: COMPLAINT AND
BERKOWITZ FAT CO., INC., : JURY TRIAL DEMAND
a/k/a HARRY BERKOWITZ INDUSTRIES, INC., :
:
       Defendants. :
-----------------------------------------------------------x

RECEIVED-CLERK
U.S. DISTRICT COURT

2007 AUG 30  A 10 22

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race (African American) and national origin (Hispanic) and to make whole Ernest L. Moore, Carlos Shamburger, Louis Hollinshed, Saladen Williams ("Charging Parties") and a class of other similarly situated African American and Hispanic employees (collectively "claimants") who were adversely affected by such unlawful practices. As alleged with greater specificity below, Defendants Berkowitz Fat Company Inc. a/k/a Harry Berkowitz Industries, Inc. ("Defendants") discriminated against Charging Parties and claimants by creating, maintaining and failing to remedy a hostile work environment for African American and Hispanic employees.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the District of New Jersey and within the City of Newark, State of New Jersey.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("EEOC") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Berkowitz Fat Company Inc. has been a corporation under the laws of New Jersey, doing business in New Jersey, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Berkowitz Fat Company Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b),(g), and (h).

6. At all relevant times, Defendant Harry Berkowitz Industries, Inc. has been a corporation under the laws of New Jersey, doing business in New Jersey, and has continuously had at least 15 employees.

7. At all relevant times, Defendant Harry Berkowitz Industries, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b),(g), and (h).

8. At all relevant times, Defendant Berkowitz Fat Company Inc. has conducted business as Harry Berkowitz Industries, Inc.

9. At all relevant times, Defendant Harry Berkowitz Industries, Inc. has conducted business as Berkowitz Fat Company Inc.

10. At all relevant times, Defendants have been an integrated enterprise.

## STATEMENT OF CLAIMS

11. More than 30 days prior to the institution of this lawsuit the Charging Parties filed charges of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Since at least September 2003, Defendants have engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. §§ 2000e-2. These practices include subjecting Charging Parties and Claimants to a hostile work environment because of their race (African American) and/or national origin (Hispanic). Specifically, the unlawful employment practices include but are not limited to the following:

   a. Defendants subjected Charging Parties and claimants to unlawful racial and national origin harassment by making constant derogatory statements, insults, and racial and ethnic epithets and slurs and derogatory references to African Americans and Hispanics, including but not limited to constantly using racial and ethnic epithets and insults such as "Nigger," "monkey," "Black-asses," "drug addicts," "Dumb-ass Niggers" and "welfare cases," "lazy," "bums," "Spic" and "wetback" to refer to Charging Parties, claimants and/or other African Americans or Hispanics in the presence of Charging Parties and/or claimants;

   b. Defendants' President and CEO, Seymour Berkowitz, subjected Charging Parties and claimants to unlawful racial and national origin harassment by making constant derogatory statements, insults, and racial and ethnic epithets and slurs on

       a daily basis, including but not limited to constantly using racial and ethnic epithets and insults such as "Nigger," "monkey," "Black-asses," "Black Bastard," "drug addicts," "Dumb-ass Niggers," "welfare cases," "lazy," "bums," "Spic," and "wetback" and stating "I don't need your kind here" to refer to Charging Parties, claimants and/or other African Americans or Hispanics in the presence of Charging Parties and/or claimants;

c.   Defendants knew or should have known that Charging Parties and claimants were subjected to a hostile environment on the basis of race (African American) and national origin (Hispanic);

d.   Defendants failed to take any appropriate measures to prevent the hostile work environment and failed to take any effective remedial action.

13.   The effect of the practices complained of above has been to deprive Charging Parties and claimants of equal employment opportunities, and otherwise adversely affect their status as employees because of their race, (African American) and/or national origin, (Hispanic).

14.   The unlawful employment practices complained of above were intentional.

15.   The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Charging Parties and claimants.

## PRAYER FOR RELIEF

Therefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in employment practices that discriminate on the basis of race or national origin and enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation

with them, from retaliating against anyone who engaged in protected activity in connection with this matter.

B. Order Defendants, their officers, successors, assigns and all persons in active concert or participation with them, to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Charging Parties and claimants by providing compensation for their non-pecuniary losses and damages, including humiliation, loss of enjoyment of life or life's activities, pain and suffering, inconvenience, fear, and emotional distress, in amounts to be determined at trial.

D. Order Defendants to pay Charging Parties and claimants punitive damages for Defendants' malicious and/or reckless conduct, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Dated: August 30, 2007
Newark, New Jersey

                                    Respectfully submitted,

                                    Ronald Cooper
                                    General Counsel

                                    James L. Lee
                                    Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507


*Elizabeth Grossman*
Elizabeth Grossman
Regional Attorney

*Judy A. Keenan*
Judy A. Keenan
Supervisory Trial Attorney

*Monique J. Roberts*
Monique J. Roberts
Trial Attorney
New York District Office
33 Whitehall St., 5th floor
New York, N.Y. 10004-2112
Telephone: (212) 336-3704
Facsimile: (212) 336-3623
monique.roberts@eeoc.gov